Filed 3/11/16  P. v. Wimberly CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C080069 |
| Plaintiff and Respondent, | (Super. Ct. No. 02F09968) |
| v. | |
| LARRY WIMBERLY, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Larry Wimberly has filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Having reviewed the record as required by *Wende*, we affirm the judgment.

**BACKGROUND**

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

1

In 1997 defendant kidnapped and raped Traci N. In 2003 a jury convicted defendant of two counts of rape (Pen. Code, § 261, subd. (a)(2))[1] and one count of kidnapping to commit rape (§ 209, subd. (b)(1)). The trial court sentenced him to an aggregate, indeterminate term in state prison of 150 years to life. We affirmed the judgment in 2007. (*People v. Wimberly* (Jan. 17, 2007, C045556) [nonpub. opn.].)

In August 2012 the Department of Corrections and Rehabilitation sent a letter to the trial court indicating there might be an error in the abstract of judgment, as it indicated defendant had been sentenced to a term of 150 years to life without the possibility of parole, but defendant's sentence should have been 150 years to life. The trial court corrected the abstract of judgment to reflect a corrected sentence of 150 years to life. The court further corrected the abstract to reflect that at the time of the offense in 1997, kidnapping with intent to commit rape was set forth in former section 208, subdivision (d), not section 209, subdivision (b). The court noted that it was authorized to correct an unauthorized sentence at any time, pursuant to *People v. Welch* (1993) 5 Cal.4th 228, and corrected the abstract to reflect a conviction on count one of section 208, subdivision (d).

On July 23, 2015, defendant filed an "Informal Request for the Court to Recall Sentence and Conviction On Its Own Motion" (§ 1170, subd. (d)), alleging he had been convicted on count one of noncriminal conduct. The trial court denied the motion.

## DISCUSSION

Counsel filed an opening brief that sets forth the facts of the case and asks us to determine whether there are any arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d 436.) Counsel advised defendant of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed, and we have

---

[1] Undesignated statutory references are to the Penal Code.

2

received no communication from defendant.  We have undertaken an examination of the entire record and find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment (order) is affirmed.


                                                                        RAYE               , P. J.


We concur:


        BLEASE            , J.


        NICHOLSON      , J.